Jamal BENHADDI, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 05–71395.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 27, 2009.*

Filed Feb. 27, 2009.

William Amos Lawrence, Esquire, Independent Counsel, Elias Z. Shamieh, Law Offices of Elias Z. Shamieh, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, Paul F. Stone, Esquire, David V. Bernal, Assistant Director, Jennifer Paisner Williams, U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, McKEOWN and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Jamal Benhaddi, a native and citizen of Morocco, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an Immigration Judge's ("IJ") decision denying his application for asylum and withholding of removal and denying his motion to remand for adjustment of status.[1] We deny Benhaddi's petition for review.

We have jurisdiction over this appeal pursuant to 8 U.S.C. § 1252. The BIA adopted and affirmed the IJ's decision, citing *Matter of Burbano,* 20 I. & N. Dec. 872, 874 (BIA 1994). We therefore review the IJ's decision as if it were that of the BIA. *See Abebe v. Gonzales,* 432 F.3d 1037, 1039–40 (9th Cir.2005) (en banc). We review the agency's factual findings for substantial evidence. *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006). We review claims of due process violations de novo. *Ibarra–Flores v. Gonzales,* 439 F.3d 614, 620 (9th Cir.2006). We review the BIA's denial of a motion to remand for an abuse of discretion. *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

Benhaddi's claim that the BIA violated his due process rights by not making a separate determination of whether changed circumstances exempted him from the one-year bar on filing for asylum lacks merit. Benhaddi cannot show that he was prejudiced by any error because on the merits he is not eligible for asylum. *See Ibarra–Flores,* 439 F.3d at 620–21 (requiring prejudice to prevail on a due process challenge). Benhaddi concedes that the evidence in the record does not establish that he experienced past persecution. The record likewise does not compel the conclusion that Benhaddi's fear of future persecution on the basis of imputed political opinion is reasonable. *See Al–Harbi v. INS,* 242 F.3d 882, 890 (9th Cir.2001) (applicant must show that his alleged persecutors would impute a political opinion to

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The BIA also denied protection under the Convention Against Torture. Benhaddi did not challenge this decision in his petition for review by this court.

him, rightly or in error, and would persecute him for that opinion).

Because Benhaddi cannot establish eligibility for asylum, his withholding of removal claim is necessarily foreclosed. *See Malki,* 336 F.3d at 993.

The BIA did not abuse its discretion in denying Benhaddi's motion to remand. "On a motion to reopen or remand for adjustment of status premised on a marriage that occurred during deportation proceedings, the motion must present clear and convincing evidence indicating a strong likelihood that the petitioner's marriage is bona fide." *Id.* at 993–94 (citing *Matter of Velarde–Pacheco,* 23 I. & N. Dec. 253, 256 (BIA 2002)) (internal quotation and edits omitted). Because Benhaddi's first marriage ended in divorce, the BIA did not abuse its discretion when it focused its analysis on evidence dating from Benhaddi's second marriage. Moreover, even if the rent receipts dating from Benhaddi's first marriage are considered, Benhaddi's evidence does not constitute clear and convincing evidence indicating a strong likelihood that his second marriage is bona fide. *See id.*

The petition for review is **DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.